Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com



**Morgan Lewis**
COUNSELORS AT LAW

Michael J. Puma
215.963.5305
mpuma@morganlewis.com

November 4, 2010

<u>**VIA FACSIMILE [(267) 299-5056]**</u>

The Honorable Mitchell S. Goldberg
United States District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: <u>Scott et al. v. Bimbo Bakeries USA, Inc. et al. Civil Action No. 10-cv-3154</u>

Dear Judge Goldberg:

Defendants Bimbo Bakeries USA, Inc. and Bimbo Foods Bakeries, Inc. ("Defendants") regret having to submit this letter, but we cannot simply ignore Plaintiffs' surprising letter to the Court yesterday afternoon requesting a stay of all discovery in this action pending the resolution of Defendants' motion to dismiss. As an initial matter, this Court's rules are perfectly clear that discovery should proceed despite any pending motion to dismiss. See Policies and Procedures, "Civil Matters" § 1.

Moreover, Plaintiffs failed to raise this issue during the parties' 2-hour, Court-ordered discovery meeting on October 29. Instead, Plaintiffs specifically agreed during that meeting to produce multiple witnesses for depositions and to provide written discovery responses for more than a dozen Plaintiffs. Plaintiffs again failed to raise the issue of a proposed stay during the discovery teleconference with the Court on November 1. In sum, it appears Plaintiffs had no interest in a stay until they apparently concluded that they were dissatisfied with the outcome of the November 1 teleconference. Indeed, when it suited their interests, Plaintiffs were perfectly willing to move forward rapidly with the litigation by filing dozens of opt-in forms, filing a motion for conditional certification, and serving dozens of subpoenas. Yet, now that it is time for Plaintiffs to comply with their discovery obligations, Defendants and the Court are hearing for the first time about the challenges supposedly presented by the 60-day discovery period – the very same time period that the parties discussed on October 29 and then the Court approved on November 1 without any objection by Plaintiffs' counsel.

**Morgan Lewis**
COUNSELORS AT LAW

The Honorable Mitchell S. Goldberg
November 4, 2010
Page 2

With respect to Plaintiffs' assertion that the scope of discovery directed by the Court is "unprecedented," their letter cites no support whatsoever. Most significant, the Court never made any such statement during the November 1 teleconference, and it is surprising that Mr. McCain would attribute that statement to the Court since he did not participate in the teleconference. I have personally litigated multiple collective actions involving considerable written discovery, document production and depositions prior to any ruling on conditional certification, so the discovery ordered by the Court in this action is far from unusual and certainly not "unprecedented".

At bottom, there is no legitimate basis for Plaintiffs' belated request to stay discovery, particularly in light of their conduct to date discussed above. It appears that this is simply another tactic by Plaintiffs to delay Defendants' ability to defend against their claims while they continue to solicit additional opt-in Plaintiffs outside of the Court-supervised notice process sought by their pending motion. That is precisely what happened during September, while Plaintiffs and their counsel refused to participate in discovery or even a Federal Rule 26(f) conference but apparently were collecting consent forms from opt-in Plaintiffs that were then filed in October.

For all the reasons discussed above, Defendants respectfully request that the Court deny Plaintiffs' request. Thank you for your continued attention to this matter.

Respectfully submitted,

Michael J. Puma

c: J. Edward McCain, Esq. (via e-mail)
Zakia Moore, Esq. (via e-mail)