**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| QUINN F. SCOTT, et al. | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BIMBO BAKERIES, USA, INC., and | : | NO. 10-3154 |
| BIMBO FOODS BAKERIES, INC. | : | |

**ORDER**

**AND NOW**, this 11th day of April, 2011, upon consideration of Defendants' "Motion to Dismiss the Claims of Certain Opt-In Plaintiffs Pursuant to FED. R. CIV. P. 37(b)(2)" (Doc. No. 41) and Plaintiffs' responses thereto (Doc. Nos. 47, 51), we find as follows:

I.  PROCEDURAL HISTORY

   1. On October 9, 2010, Plaintiffs' filed a "Motion for Approval of Notice to Potential Class Members and for Approval of a Form of Preliminary Class Notice and Consent to Opt-In Form," requesting that we conditionally certify this case as a collective action under the Fair Labor Standards Act. (Doc. No. 9.) In response, Defendants requested leave to perform limited discovery on the issue of whether conditional certification was appropriate, before being required to file a response to Plaintiffs' motion.

   2. After letter briefing and argument on this issue, we determined that Defendants were entitled to limited discovery and directed the Parties to meet and confer as to the

       appropriate scope of discovery.

3.   On November 10, 2010, we entered the Parties' "Joint Discovery Plan And Proposed Order With Respect to Conditional Certification." (Doc. No. 22.) Pursuant to this Order, Defendants were to select, for limited discovery purposes, the names of seventeen Plaintiffs – five named Plaintiffs and twelve Plaintiffs who executed opt-in forms – to respond to certain interrogatories and document requests. Further, Defendants were provided leave to depose: the five named Plaintiffs; two opt-in Plaintiffs from the New Jersey depot to be selected by Defendants; and two opt-in Plaintiffs from the Texas depot to be selected by Defendants.

4.   On February 18, 2011, Defendants filed the motion currently before the Court, seeking the dismissal of the opt-in Plaintiffs from Texas (Texas opt-ins) under Federal Rule of Civil Procedure 37(b)(2),[1] because these Plaintiffs refused to participate in discovery as required by the Court's November 10, 2010 Order.

5.   With the exception of James Wills, III,[2] Plaintiffs do not dispute that the Texas opt-ins refused to participate in discovery. Plaintiffs contend, however, that dismissal of their claims is inappropriate under Federal Rule of Civil Procedure 37.

---

[1] Defendants' motion specifically seeks dismissal of the claims of Jose Cardenas, Jimmy Chimney, Karl Endicott, Raymond Gagne, Harold Haynes, Leo Ladet, Russell Tillis, Sedrick Lagard, Michael Odom and James Wills, III. For the purposes of this Order, these individuals will be referred to as the "Texas opt-ins."

[2] James Wills, III, apparently answered interrogatories and produced documents in response to the Court's Order. He also initially agreed to sit for a deposition, but was allegedly unavailable due to an injury to his back. Defendants offered to accommodate Mr. Wills by conducting the deposition at his home or another location, see (Doc. No. 41, Ex. F), but Plaintiffs' responded that he had recently had back surgery and would be produced when he is "clear[ed]" by his doctor, id., Ex. G.

II. STANDARD OF REVIEW

    6. District courts have discretion to sanction a party for failure to comply with a discovery order. See FED. R. CIV. P. 37(b)(2); National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976). The sanctions available range from precluding the disobedient party from offering certain evidence to dismissal of "the action or proceeding in whole or in part[.] See FED R. CIV. P. 37(b)(2)(i)-(vii).

    7. In considering whether to dismiss a party's case under Federal Rule of Civil Procedure 37, the court must consider the following six factors: (1) the extent of the party's personal involvement; (2) the prejudice to the adversary party caused by the discovery violation; (3) the history of the party's "dilatoriness[;]" (4) whether the conduct of the party or attorney was wilful or in bad faith; (5) the effectiveness of sanctions, other than dismissal; and (6) the meritoriousness of the claim or defense. See Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

III. DISCUSSION

    8. In response to Defendants' motion to dismiss, Plaintiffs contend that the Court does not have authority to dismiss the Texas opt-ins because they are "not parties" to this litigation. (Doc. No. 47.) We disagree with this contention.

    9. An individual must file written consent with the court to become a "party plaintiff" in a Fair Labor Standards Act suit. See e.g., Nowicki v. USX Corp., 672 F.Supp. 854, 856 (W.D.Pa. 1987). Each of the Texas opt-ins filled out forms entitled "CONSENT TO BE A PARTY PLAINTIFF/CLASS MEMBER IN SUIT AGAINST BIMBO BAKERIES UNDER FAIR LABOR STANDARDS ACT[.]" (Doc. No. 9,

Ex. B.) These forms were attached to Plaintiffs' motion for conditional certification. Under these circumstances, we conclude that the "written consent" requirement is satisfied and that the Texas opt-ins are "party plaintiffs," particularly considering that their consent forms were subject to the Parties' joint discovery plan, which specifically referenced the "opt-in Plaintiffs from Texas[.]" (Doc. No. 22.)

10. Plaintiffs also assert that sanctions are inappropriate because the Texas opt-ins were under "no specific court order compelling" discovery. The Court's November 10, 2010 Order, however, specifically directed that discovery was required from any individual who "executed [an] opt-in form[]" and was selected by Defendants. This Order, which was drafted by the Parties, is not "general" or ambiguous. We conclude, therefore, that the failure of the Texas opt-ins to respond to the Court's Order could warrant sanctions under Rule 37. We do not read any of the cases cited by Plaintiffs to suggest otherwise.[3]

11. Lastly, Plaintiffs assert that dismissal is "too harsh a sanction" under the circumstances. On this point, and at this preliminary stage of discovery, we agree with Plaintiffs. While the Texas opt-ins' refusal to participate in discovery is in violation of the Court's Order, we are unable to conclude whether they understood their discovery obligations and/or whether they acted with the requisite "wilfulness"

---

[3] Plaintiffs also contend that Defendants were required to seek an order compelling discovery before seeking sanctions. (Doc. No. 51 at 4-5) (citing R.W. Intern Corp. v. Welch Foods, Inc., 937 F.2d 11, 17-19 (1st Cir. 1991). However, this is not a situation where there is "an absence of a preexisting" order compelling discovery, in which case, a motion to compel may be required before seeking sanctions under Federal Rule of Civil Procedure 37. See R.W. Corp., 937 F.2d at 19.

or "bad faith" to warrant dismissal.[4] Further, Defendants' motion represents the first time the Court has been asked to sanction the Texas opt-ins.

13. We also conclude that any prejudice to Defendants as a result of the Texas opt-ins' refusal to participate in discovery can be alleviated with means other than dismissal. Rather than dismissing the Texas opt-ins from the case at this juncture, we will provide them one last opportunity to participate in discovery. If they remain unwilling to participate, their claims will be dismissed.[5]

**THEREFORE**, it is hereby **ORDERED** that:

– Defendants' "Motion to Dismiss the Claims of Certain Opt-In Plaintiffs Pursuant to Fed R. Civ. P. 37(b)(2)" (Doc. No. 41) is **DENIED without prejudice**.

– On or before **May 3, 2011**, all of the Texas opt-ins shall respond to the Interrogatories and Requests for Production specified in paragraphs 2 and 3 of this Court's November 10, 2010 Order (Doc. No. 22). The Texas opt-ins shall serve their responses by e-mail and U.S. Mail. In the event, however, that they do not possess the tax documents responsive to Document Request No. 16, they shall make a timely request for such documents to be provided to them or Plaintiffs' counsel with the

---

[4] See Adams v. Trs. of N.J. Brewery Employees Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994) (reflecting that dismissal may be warranted where a party's conduct "constitutes the type of wilful or contumacious behavior [that can be] characterized as flagrant bad faith") (citations omitted)); United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 162 (3d Cir. 2003) (reflecting that, after considering the Poulis factors, the Third Circuit "recommend[s] the resolution of any doubts in favor of adjudication on the merits").

[5] In reaching this conclusion, we reject Plaintiffs' argument that Defendants' "waived" any right it had to discovery relating to the Texas opt-ins when it chose, instead, to seek discovery from "New Jersey and Delaware" opt-ins. (Doc. No. 51 at 6.)

appropriate government agency. Plaintiffs' counsel shall provide such documents to Defendants' counsel within **two (2) days** of the receipt of such materials by Plaintiffs or Plaintiffs' counsel;

– On or before **June 3, 2011**, Defendants may depose any **two (2)** of the Texas opt-ins who respond to written discovery. Such depositions shall be limited in scope to facts related to Plaintiffs' request for conditional certification and Defendants' arguments in opposition thereto;

– Any Texas opt-in who fails to abide by the Court's Order shall be dismissed from the case;

– Defendants may seek leave to file a supplemental brief in opposition to Plaintiffs' Motion for Conditional Certification (Doc. No. 42) at the completion of the discovery provided by this Order. Any such supplemental brief shall pertain specifically to information regarding the Texas opt-ins;

– Defendants' "Motion for Leave to File a Reply Memorandum of Law in Further Support of Their Motion to Dismiss Certain Opt-In Plaintiffs Pursuant to FED R. CIV. P. 37(b)(2)" (Doc. No. 52) is **DENIED** as moot.

                                                              **BY THE COURT:**

                                                              **/s/ Mitchell S. Goldberg**
                                                              _____
                                                              **Mitchell S. Goldberg, J.**