IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINN F. SCOTT, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BIMBO BAKERIES, USA, INC., and | : | |
| BIMBO FOODS BAKERIES, INC. | : | No. 10-3154 |

## ORDER

**AND NOW**, this 30th day of June, 2011, upon consideration of Plaintiffs' "Motion for Sanctions Pursuant to 18 U.S.C. § 401" (Doc. No. 25), and Defendants' response thereto, we find as follows:

1. On November 1, 2010, a telephone conference was held with counsel to discuss a joint discovery plan regarding conditional certification as a collective action under the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. § 216(b).

2. During this conference, Defendants informed the Court that Plaintiffs had served twenty-eight (28) subpoenas upon third-party customers of the Defendants on October 25, 2010. After discussion, I determined that the subpoenas were premature and ordered that they be withdrawn, without prejudice. I also directed Defense Counsel to advise affected third-parties of the Court's ruling.

3. On November 9, 2010, Plaintiff filed an "Emergency Motion for Reconsideration," alleging that Defendants sent improper correspondence to the third-party customers both on October 29, 2010 and subsequent to the November 1, 2010 phone conference referenced above. Plaintiffs allege that these communications were unethical, incomplete, and designed "to make Plaintiffs' counsel look inadequate or in the

   least[,] will make it difficult for Plaintiffs[] to obtain the requested information once the subpoenas are reissued." Plaintiffs requested that we issue an order directing that the subpoenas remain in effect "to correct Defendants' interference with Plaintiffs' subpoenas and insure the integrity of the process and the preservation of the documents sought." (Doc. No. 21.)

4.  I denied Plaintiffs' motion for reconsideration, because I remained convinced that the subpoenas were premature and properly withdrawn. In reaching this conclusion, I did not rule on the adequacy of Defense Counsel's communications to the third-party customers, and noted that if Plaintiffs wished, they "could challenge these communications in some way," at a later time. (Doc. No. 26.)

5.  On November 10, 2011, Plaintiffs' filed a motion for sanctions pursuant to 18 U.S.C. § 401, asserting that Defendants interfered with the proper execution of subpoenas to third-parties. (Doc. No. 25.) Defendants contend that Plaintiffs' motion is baseless and move for an Order requiring "Plaintiffs and/or their attorneys" to show cause why sanctions should not be imposed against them under Federal Rule of Civil Procedure 11(c) and/or 28 U.S.C. § 1927. (Doc. No. 28.)

6.  Pursuant to 18 U.S.C. § 401, district courts have the authority "to punish by fine or imprisonment, or both," the "[m]isbehavior of any person in its presence or so near as to obstruct the administration of justice" and the "disobedience or resistance to its lawful writ, process, order, rule, decree, or command." This provision codifies aspects of the court's contempt power, which are "rooted principally in the inherent power of the judiciary." <u>Eash v. Riggins Trucking Inc.</u>, 757 F.2d 557, 562-63 & n.8

(3d Cir. 1985).

7. In support of their motion, Plaintiffs assert that Defendants' actions amount to a violation of 18 U.S.C. § 1512(b), a criminal statute that addresses "the protection of witnesses, informants, and crime victims from intimidation." U.S. v. Hernandez, 730 F.2d 895, 898 (2d Cir. 1984). This statute imposes a fine or imprisonment upon "[w]hoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . influence, delay, or prevent the testimony of any person in an official proceeding." 18 U.S.C. § 1512(b)(1). The provision also prohibits the knowing or attempted use of such techniques to cause or induce a person to "withhold testimony, or withhold a record, document, or other object," or to "evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, from an official proceeding." 18 U.S.C. § 1512(b)(2)(A), (C). Plaintiffs do not seek imprisonment, but contend that a "substantial fine" is warranted to "dissuade future abusive behavior by Defendants." (Pl.'s Br. at 6.)

8. In the October 29, 2010 letter to third-party customers, Defendant Counsel "apologize[d] that Plaintiffs' counsel decided to involve you in this lawsuit[,]" and stated that "[i]t is our position that the subpoena to you was not properly served and is defective in other respects." (Doc. No. 28, Ex. D.) The letter also provided that Defendants would file a motion to quash the subpoena, "if we cannot convince Plaintiffs' counsel to withdraw" it. The letter further stated that "[t]o be clear, neither I nor Bimbo is providing you with any legal advice or instructions. You are free to

      respond, or not respond, to the subpoena as you deem appropriate." Lastly, the letter noted that if "you would like to join the motion to quash, if a motion becomes necessary, or if you would like any further information, please fell free to contact Bimbo's outside counsel[.]" Id.

9. Defense Counsel's second letter, which was sent on November 3, 2010, at the direction of the Court, reported that Plaintiffs were required to withdraw their subpoenas and that the third-party customers "were no longer under any obligation to provide the documents sought by the subpoena or to take further action with respect to the subpoena." (Doc. No. 28, Ex. E.)

10. These letters, while critical of Plaintiffs' Counsel, did not interfere with the proper execution of the subpoenas or coerce or deceive third-party customers. Defense Counsel's first letter explicitly stated that she was not providing third-parties with legal advice or instructions, and noted that the customers were free to do whatever they "deem[ed] appropriate" with respect to the subpoenas. See l'mnaedaft Ltd. v. Intelligent Office Sys., LLC, 2009 WL 1011200 at **2-3 (D.Colo. Apr. 15, 2009) (holding that sanctions were inappropriate where the "emails did not advocate non-compliance with the subpoena, suggest methods for delaying or failing to comply, or provide tools for noncompliance"). Defense Counsel's second letter correctly communicated that the subpoenas had been withdrawn and was sent at the direction of the Court. I am unable to conclude, therefore, that sanctions are warranted.

11. I also, however, reject Defendants' argument that I should order Plaintiffs to show cause why they should not be sanctioned. Plaintiffs' motion did not "unreasonable

4

      and vexatiously" multiply the proceedings, such that costs and fees should be imposed pursuant to 28 U.S.C. § 1927.  Further, I am unable to conclude that Plaintiffs' service of the subpoenas or their subsequent motion for sanctions were filed to harass Defendants or needlessly increase litigation costs in violation of Federal Rule of Civil Procedure 11.

12.   Going forward, any communications with third-party customers by counsel may not include editorial comments about opposing counsel, which could create negative inferences.

**THEREFORE**, it is hereby **ORDERED** that Plaintiffs' "Motion for Sanctions Pursuant to 18 U.S.C. § 401" (Doc. No. 25) is **DENIED**.

 

                    **BY THE COURT:**

                    **/s/ Mitchell S. Goldberg**
                    _____
                    **Mitchell S. Goldberg, J.**