IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINN F. SCOTT, RONALD SOCHACKI, WILLIAM J. DAVENPORT III, ROBERT DANDO, SR., KEVIN KAZORNOWICZ, On behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, Inc. and BIMBO FOODS BAKERIES, INC.,<br><br>Defendant. | Civil Action No. 10-3154 |

## JOINT PROPOSED DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), the named and opt-in Plaintiffs ("Plaintiffs") and Defendants Bimbo Bakeries USA, Inc. and Bimbo Foods, Inc. ("Defendants"),[1] jointly submit the following Proposed Discovery Plan. Defendants are filing this Plan on behalf of all parties to the extent that Plaintiffs have expressed their consent or disagreement as set forth below. The parties conducted a follow-up Fed. R. Civ. P. 26(f) conference on September 11, 2012, Defendants drafted and provided to Plaintiffs on September 14 a draft plan incorporating Plaintiffs' proposed phased discovery approach discussed during the conference and then made multiple requests for comments on or edits to that draft, and Plaintiffs provided to Defendants at 7:28pm on September 18 a separate document setting forth Plaintiffs' "response" to that proposal. Defendants have inserted below where applicable (and

---

[1] Defendants maintain their position that neither Bimbo Bakeries USA, Inc. nor Bimbo Foods Bakeries, Inc. is a proper party to this action.

verbatim) Plaintiffs' response to each item to the extent that they indicated that a dispute exists.

1. **Pre-Discovery Disclosures**. The parties shall amend their Initial Disclosures required by Federal Rule of Civil Procedure 26(a), as needed, by November 14, 2012 (30 days after the deadline to opt into the conditionally certified Fair Labor Standards Act collective action).

2. **Party Fact Discovery.**

   A. *Plaintiffs' Position:* Discovery is anticipated to be completed in phases as was begun with conditional certification. Discovery is now anticipated on the issue of final certification to determine if the named Independent Operators (IO's) are similarly situated to the nationwide class of opt-in IO's so as to maintain a collective action under the FLSA. Discovery during this phase should be limited to the issue of final certification as defined within this Court's jurisdiction.[2] Accordingly, a representative sampling of no greater than 10% of the final total number of opt-in plaintiffs shall be subject to respond to written discovery during this phase.[3]

   *Defendants' Position:* Discovery is anticipated on the following non-exhaustive list of subjects: The allegations contained in Plaintiffs' Amended Complaint; the Defendants' defenses thereto, including, but not limited to, Plaintiffs' entrepreneurial and sales activities, purchase and sale of distribution rights and related assets, operation of their distributorships, operation of motor vehicles in interstate commerce, hours worked in excess of 40 hours per week, Plaintiffs' tax treatment and assertions with respect to their business activities, claimed control over their activities, and management of the costs associated with their

---

[2] Plaintiffs do not anticipate filing a motion for Rule 23 certification at this juncture.

[3] Currently there are greater than 500 total opt-in plaintiffs. Plaintiffs anticipate that number being anywhere between 800-1200 by the close of the opt-in period.

businesses; Plaintiffs' burden to satisfy Federal Rule 23 if a motion for Federal Rule 23 certification is to be allowed by the Court;[4] and in connection with Defendants' anticipated opposition to final certification, the extent to which the named and opt-in Plaintiffs are similarly situated to each other.

   B. **Discovery Deadline.** *Plaintiffs' Position:* Discovery during this phase shall commence sometime after the opt-in deadline[5] and shall be completed within 6 months[6] from the date of the Court's Order. IN the event that the Court certifies this action as a collective action and/or Rule 23 class action, an additional period of pretrial merits discovery shall follow.

   *Defendants' Position:* The parties shall complete by March 25, 2013 all fact discovery preceding Defendants' motion to deny final certification of the collective action, subject to an additional period of pre-trial merits discovery in the event that the Court allows

---

[4] The proposal as to Federal Rule 23 certification discovery is without prejudice to an not a waiver of any of Defendants' objections to the propriety of a Federal Rule 23 motion for class certification or Federal Rule 23 certification. For example, Defendants' position is that any motion for Rule 23 class certification is barred by Plaintiffs' failure to comply with Local Rule 23.1(c) ("Within ninety (90) days after the filing of a complaint in a class action. . . the plaintiff shall move for a determination under subdivision (c)(1) of Fed.R.Civ.P. 23, as to whether the case is to be maintained as a class action."). Furthermore, because Notice has been sent to all Pennsylvania IOs, there is no need for an overlapping opt-out class action under Rule 23 since Pennsylvania IOs have been provided the opportunity to opt-into this action and assert FLSA claims for the same or more relief (including double damages potentially available under the FLSA but not under state law) against Defendants. To the extent that Pennsylvania IOs who opt into the FLSA collective action in this action nevertheless wish to seek to prosecute duplicative state law claims for overtime, they may seek to their individual claims through supplemental jurisdiction once they have opted into the action. *See Campanelli v. Hershey Co.*, No. 3:08-cv-01862-BZ, 2010 WL 3219501, at *5 (N.D. Cal. Aug. 13, 2010) ("[P]laintiffs' motion [to certify both a Rule 23 class and an FLSA collective action] should be denied because a Rule 23 classification is not superior to other available methods for the fair and effective adjudication of this controversy; namely, allowing opt-in plaintiffs to prosecute their independent state law claims as part of the FLSA collective action.").

[5] Plaintiff's may seek a re-mailing of undelivered notices given the large number of returns.

[6] Depending of course on the final number of opt-ins and discovery sample size. Logically, the larger the sample the more time needed.

final certification of the collective action and/or Rule 23 class certification. As the length of that pre-trial merits discovery is uncertain at this time and will depend on, among other things, the scope of any certified class or collective action and the scope of discovery completed prior to certification, the parties shall confer in good faith following the entry of an order regarding final certification and then submit a joint proposal to the Court for final pre-trial discovery deadlines.

    C. **Written Discovery.** *Plaintiffs' Position:* The parties agree that written discovery may be served on each named plaintiff. Notwithstanding the named plaintiffs, written discovery shall be limited to the issue of final certification. With respect to opt-in plaintiffs, a representative number of opt-ins, not to exceed 10% of the final total of opt-ins, may be served by defendants with written discovery. Plaintiffs may serve defendants with written discovery likely to lead to the discovery of information relevant to final certification. Responses and objections to such written discovery shall be served within 60 days.[7]

    *Defendants' Position:* Defendants have served or may serve each named and opt-in Plaintiff with written discovery demands during the discovery period preceding a ruling on final certification, without prejudice to the service of additional written discovery following a ruling on final certification. Each named and opt-in Plaintiff shall serve responses and objections to such written discovery within 30 days. *See, e.g.*, *Scovil v. FedEx Ground Package Sys. Inc.*, No. 1:10-cv-0515, 2011 WL 5526033 (D. Me. Nov. 14, 2011) (authorizing individualized discovery from each of the opt-in plaintiffs); *Stickle v. Sci W. Market Support Ctr., L.P.*, No. 08-083, 2010 WL 3218598, at *1 (D. Ariz. Aug. 13, 2010) (same for 1,400 opt-in plaintiffs); *Abubakar v. City of Solano*, No. 06-2268, 2008 WL 508911 (E.D. Cal. Feb. 22, 2008) (same for 160 opt-in plaintiffs); *Renfro v. Spartan Computer Servs., Inc.*, No. 06-2284-KHV-

---

[7] Income tax returns shall be limited to one years returns.

DJW, 2008 WL 474253, at *2 (D. Kan. Feb. 19, 2008) (same for over 100 opt-in plaintiffs; Plaintiff's objection overruled by *Renfro v. Spartan Computer Servs. Inc.*, No. 06-2284, 2008 WL 821950 (D. Kan. Mar. 26, 2008)); *Evans v. Lowe's Home Centers, Inc.*, No. 3:03-cv-0438, 2005 WL 2100708, at *1 (M.D. Pa. Aug. 29, 2005) (noting same for 508 opt-in plaintiffs); *Coldiron v. Pizza Hut, Inc.*, No. 03-05865, 2004 WL 2601180 (C.D. Cal. Oct. 25, 2004) (same for 306 opt-in plaintiffs); *Morgan v. Family Dollar Stores, Inc.*, No. 01-C-0303-W (N. D. Ala. Mar. 16, 2004 (same for 2,100 opt-in plaintiffs); *Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446 (S.D.N.Y. 1995) (same for 162 opt-in plaintiffs); *Kaas v. Pratt & Whitney*, No. 89-8343, 1991 WL 158943, at *5 (S.D. Fla. Mar. 18, 1991) (same for approximately 100 opt-in plaintiffs).

    D. **Depositions.** <u>Plaintiffs' Position:</u> Depositions of the named plaintiff's notwithstanding, defendants will limit their depositions to no more than 15 additional depositions, with such deponents to be selected by agreement of the parties from the representative sample. For each such deponent not located within a 100 mile radius, defendants shall have the option of traveling to the location of the deponent or using remote video for purposes of the deposition. The parties agree that Defendants shall limit the duration of its deposition at this stage to 5 hours of on the record testimony.

    <u>Defendants' Position:</u> The parties agree that Defendants may continue the depositions of each named Plaintiff during the discovery period preceding a motion to deny final certification of the collective action. The parties further agree that Defendants may continue during such discovery period the depositions of opt-in Plaintiffs that Defendants began prior to a ruling on conditional certification. The parties further agree that Plaintiffs will limit their depositions prior to a ruling on final certification and Federal Rule 23 certification to a 30(b)(6) deposition limited to no more than ten topics and no more than six fact witness depositions.

With respect to opt-in Plaintiffs, Defendants have agreed as a compromise to defer most deposition testimony by opt-in Plaintiffs until after a ruling on final certification of the collective action. Thus, Defendants would be willing to depose prior to that time no more than 40% of the opt-in Plaintiffs in order to develop a record for the Court to address final certification, and may not even depose that many depending on the substance of the opt-in Plaintiffs' responses to written discovery or the deposition testimony given by those opt-in Plaintiffs who are deposed. Defendants shall select which opt-in Plaintiffs they will depose. In addition, Defendants are willing as a further compromise to limit the depositions of opt-in Plaintiffs they select for depositions prior to a ruling on final certification to no more than 5 hours of testimony on the record. After a ruling on final certification, Defendants would be entitled to complete the depositions that were started of opt-in Plaintiffs and take the depositions of all remaining opt-in Plaintiffs.

3. **Third-Party Fact Discovery.**  *Plaintiffs' Position:*  The parties agree that third party fact discovery may commence without limitation, subject to the Rules of Civil Procedure, the Confidentiality Stipulation and privacy considerations. Plaintiffs agree to seek certain documents possessed by customers of Defendants from Defendants first. However, if in Plaintiff's sole belief, such documents are unreasonably withheld, destroyed or claimed not to exist by Defendants, Plaintiffs may at their discretion seek such documents from said third parties through whatever legal means necessary, without any direct or indirect interference by Defendants.

*Defendants' Position:*  The parties anticipate that there may be third-party discovery prior to and/or following a ruling on final certification of a collective action. Such discovery may include, without limitation, document or deposition demands directed to

6

employers of named or opt-in Plaintiffs including, but not limited to, their skills/experience, their work hours during the time they operated their businesses, and/or their representations regarding their work activities while operating their businesses; and/or document or deposition demands directed to employees or contractors (or other helpers) of named or opt-in Plaintiffs pertinent, without limitation, to their work hours, their control over their businesses, and their management of expenses.  Plaintiffs have expressed their belief that they may need to seek certain documents or information from customers of the Plaintiffs' and Defendants or their affiliates, but the parties agree that the Plaintiffs first shall direct any demands for such documents or information (including requests for deposition testimony) to Defendants and only pursue such discovery from customers (i) if the documents or information are not produced by Defendants, (ii) the Court then over rules Defendants' objections that Plaintiffs are entitled to any such documents or information, and (iii) Defendants then do not possess the requested documents or information.  If all three of the above described events occur, Plaintiffs will first serve the customer subpoenas on Defendants and will refrain from serving the same on any customer until after (i) Defendants have a full and fair opportunity to present any disputes over the subpoenas to the Court, and (ii) the Court issues a final decision on the customer subpoenas.

      4.  **Experts.**  The parties believe that expert discovery deadlines are not needed at this time.  In the event that the Court grants final certification of a collective action and/or Rule 23 class certification, the parties shall confer in good faith as to the need, if any, for expert disclosures and discovery prior to any trial and submit their respective positions to the Court for resolution in the event of a dispute.

      5.  **Confidentiality.**  The current Stipulation and Order of Confidentiality entered by this Court on August 2, 2012 [Dkt # 103] shall continue to govern this action.

6. **Computer Based or Other Digital Information.** *Plaintiffs' Position:* Plaintiffs' anticipate requesting digital information, including but not limited to, AS-400 spreadsheets, from Defendants for each of the opt-ins selected in the representative sampling.

*Defendants' Position:* At this stage of the proceedings, the parties do not anticipate any disputes regarding electronic discovery, and none has been requested by Plaintiffs. The parties agree to confer regarding the form of production for electronic materials after exchanging written discovery demands and depending on the nature and scope of such demands that seek electronic information. The parties also agree to confer regarding the allotment of costs incurred during this phase of discovery between and among the parties. *See Boeynaems, et al. v. LA Fitness International, LLC*, Nos. 10-2326, 11-2644, slip op. (E.D. Pa. Aug. 16, 2012) (ordering parties to share discovery costs where plaintiffs sought substantial class discovery).

7. **Settlement.** *Plaintiffs' Position:* The parties may agree to a settlement conference anytime after the completion of final certification discovery phase.

*Defendants' Position:* The parties believe that at this stage of the proceedings, a settlement conference or other alternative dispute resolution likely would be premature, but the parties agree to confer further regarding a settlement conference following a ruling on final certification.

8. **Dispositive Motions.** Dispositive motions may be filed at any time on any claim(s) asserted by any named or opt-in Plaintiff on or before 30 days after the completion of all fact and expert discovery in this action.

9. **Opposition to Final Certification.** Defendants shall file their motion to deny final certification 30 days after the close of the discovery period set forth herein for discovery preceding the resolution of final certification. Plaintiffs' opposition will be due 30 days

thereafter, and Defendants' reply brief will be due 21 days after service of the opposition.

| | |
|---|---|
| THE LAW OFFICES OF J. EDWARD MCCAIN III | MORGAN, LEWIS & BOCKIUS LLP |
| By: __/s/ J. Edward McCain, III_____<br>     J. Edward McCain, III<br>912 N. 29th Street<br>Philadelphia, PA 19130<br>(215) 236-1086<br>215-236-1087 [fax] | By: __/s/ Michael J. Puma_____<br>     Michael J. Puma<br>1701 Market Street<br>Philadelphia, PA 19103<br>(215) 963-5000<br>(215) 963-5001 [fax] |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

Dated:  September 18, 2012

**CERTIFICATE OF SERVICE**

I, Michael J. Puma, hereby certify that on September 18, 2012, I caused a true and correct copy of Joint Proposed Discovery Plan to be served upon the following counsel in this matter by E.C.F.:

J. Edward McCain, III, Esq.
THE LAW OFFICES OF J. EDWARD MCCAIN III
912 N. 29th Street
Philadelphia, PA 19130

*Counsel for Plaintiffs*

/s/ Michael J. Puma
Michael J. Puma