IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUINN F. SCOTT, et al.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | No. 10-3154 |
| **BIMBO BAKERIES USA, INC. AND** | : | |
| **BIMBO FOODS BAKERIES, INC.** | : | |

## ORDER

**AND NOW**, this 11th day of December, 2012, following a telephone conference with counsel for both parties, and upon consideration of the parties' "Joint Proposed Discovery Plan" (Doc. No. 120) ("Plan"), and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** that:

1. Discovery shall be conducted in phases, with the current phase to be focused solely on the issue of whether the named Independent Operators (IOs) are similarly situated to the nationwide class of opt-in IOs, as defined within this Court's jurisdiction, for the purposes of a final certification determination.

2. Written discovery may be served on each named Plaintiff. With respect to opt-in Plaintiffs, written discovery shall be limited to the issue of final certification. A representative sampling of opt-ins, not to exceed ten percent (10%) of the final total number of opt-ins, shall be subject to respond to written discovery during this phase. Responses and objections to such written discovery shall be served within sixty (60)

days.

3. Depositions of the named Plaintiffs notwithstanding, Defendants will limit their depositions to a mutually agreed upon representative sample of fifteen (15) opt-in Plaintiffs. For deponents not located within a 100 mile radius, the party conducting the deposition shall have the option of traveling to the location of the deponent or using remote video for the purposes of the deposition. The parties will each limit the duration of depositions to five hours of on record testimony. If necessary, Defendants may continue the depositions of each named Plaintiff during the discovery period preceding a motion to decertify the collective action. Plaintiffs will limit their depositions prior to a ruling on final certification to no more than six fact witness depositions.

4. In the event that the parties seek third-party discovery, the parties must first attempt to obtain the discovery from the opposing party. If, however, any documents are unreasonably withheld, destroyed or claimed not to exist by the opposing party, a party may seek such documents from third parties subject to the Rules of Civil Procedure, the Confidentiality Stipulation and privacy considerations. The parties will first serve any third-party subpoena on the opposing party and will refrain from serving the same on the third-party until after (i) the opposing party has a full and fair opportunity to present any disputes over the subpoenas to the Court; and (ii) the Court issues a final decision on the subpoena.

5. All discovery set forth in this Order shall be completed by **June 14, 2013**.

6. Any motion to decertify this case as a collective action under the Fair Labor

       Standards Act shall be filed no later than **July 12, 2013**.  Response to any such motion shall be filed within **thirty (30) days** of service of the motion.  Any reply brief shall be filed within **twenty-one (21) days** of service of a response.

7. Upon this Court's ruling on a motion for decertification, the Parties should contact Chambers for a further scheduling order.

                                 **BY THE COURT:**

                                 **/s/ Mitchell S. Goldberg**

                                 _____
                                 **Mitchell S. Goldberg, J.**