IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINN F. SCOTT, RONALD SOCHACKI, WILLIAM J. DAVENPORT III, ROBERT DANDO, SR., KEVIN KAZORNOWICZ, On behalf of themselves and all other similarly situated persons,<br><br>       Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, Inc. and BIMBO FOODS BAKERIES, INC.,<br><br>       Defendants. | Civil Action No. 10-3154 |

**UNOPPOSED MOTION FOR APPROVAL OF
COLLECTIVE ACTION SETTLEMENT**

  Plaintiffs Quinn Scott, Ronald Sochacki, William J. Davenport, III, Robert Dando, Sr. and Kevin Kazarnowicz ("Named Plaintiffs"), on behalf of themselves and all opt-in Plaintiffs (collectively "Plaintiffs"), hereby move the Court for an Order granting approval of their Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached hereto as Exhibit 1, negotiated with the Defendants as a fair and reasonable compromise of Plaintiffs' Fair Labor Standards Act ("FLSA") claims (in addition to the other claims released by the Settlement Agreement). Defendants do not oppose this Motion.

  **WHEREFORE**, the Named Plaintiffs respectfully request that their unopposed motion for approval be granted for the reasons set forth in the supporting Memorandum of Law and Declaration of Quinn Scott (attached hereto as Exhibit 2) filed herewith and that the Court thus enter the proposed Order attached to this Motion. To the extent that the Court would like to

conduct a hearing on the Motion and proposed Order, the parties respectfully request a hearing on February 11, 17, 18, 26, 27 or 28, 2014.

Dated: January 31, 2014

                **THE LAW OFFICES OF J. EDWARD McCAIN, III**

                /s/ J. Edward McCain
                J. Edward McCain III, Esquire
                Zakia E. Moore, Esquire
                *Attorneys for Plaintiffs*
                912 N. 29th Street
                Philadelphia, PA 19131
                Tel: 215-236-1086
                Fax: 215-236-1087
                E-mail: jmccain@mccain-law.com
                E-mail: zemesq@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January 2014, a copy of the Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement, along with the supporting Memorandum of Law (and Exhibits attached thereto, including the Stipulation of Settlement and its Exhibits A-F), the supporting Declaration of Quinn Scott, and a proposed Approval Order, were electronically filed with the Clerk of the Court using the CM/ECF system which will send such notification to the following:

Michael J. Puma, Esquire
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

**THE LAW OFFICE OF J. EDWARD McCAIN III**

/s/ J. Edward McCain III
J. Edward McCain, III, Esquire
Zakia E. Moore, Esquire
*Attorneys for Plaintiffs and Class Members*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINN F. SCOTT, RONALD SOCHACKI, WILLIAM J. DAVENPORT III, ROBERT DANDO, SR., KEVIN KAZORNOWICZ, On behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, Inc. and BIMBO FOODS BAKERIES, INC.,<br><br>Defendants. | Civil Action No. 10-3154 |

## APPROVAL ORDER

   **AND NOW**, this ___ day of _____ , 2014, upon consideration of Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement (including the Parties' Stipulation of Settlement and its Exhibits A-F), and the Court being fully apprised of the facts and finding that:

   (a) All terms used in this Order shall be defined as these same terms are defined in the Stipulation of Settlement and the Exhibits A-F attached thereto, unless specifically provided otherwise herein.

   (b) Plaintiffs' Counsel has authority to settle Plaintiffs' claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., on behalf of all Plaintiffs, who "consent[ed] to join [this civil action]" and thus agreed "to join this lawsuit as described in the Notice [of Lawsuit]". See "Notice of Lawsuit" and "Consent to Join Form" (Dkt. Entry # 100 and Attached Exhibits).

(c)     By opting in to this Civil Action, all Plaintiffs agreed pursuant to the Notice to: (1) "be bound by the judgment (meaning, the final result of the lawsuit), whether favorable or unfavorable", (2) "be bound by, and . . .share in, any settlement that may be reached in the case", and (3) "designate the Named Plaintiffs and their counsel to make decisions regarding the course of the litigation and settlement discussions in connection with this lawsuit.  These decisions will then be binding on you."'  See "Notice of Lawsuit" and "Consent to Join Form" (Dkt. Entry # 100 and Attached Exhibits).

(d)     This Civil Action represents a bona fide dispute brought by the Plaintiffs against the Defendants pursuant to 29 U.S.C. § 216(b) about Plaintiffs' status as independent contractors with the Defendants and an asserted failure to pay minimum wage and overtime compensation alleged to be due under the FLSA.  Moreover, the terms embodied in the Parties' Stipulation of Settlement and its Exhibits A-F represent a fair and reasonable resolution of this bona fide FLSA dispute.  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-55 (11th Cir. 1982).

It is hereby **ORDERED** and **DECREED** that:

1.     Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement is **GRANTED**.

2.     The Parties' Stipulation of Settlement and the Exhibits A-F attached thereto are **APPROVED**.

3.     The Stipulation of Settlement and the Exhibits A-F attached thereto, and any act performed or document executed pursuant to, or in furtherance of, the settlement memorialized in the Stipulation of Settlement is not and may not be cited or otherwise used as an admission or evidence of (a) the validity of any claims released in the Stipulation of

Settlement, or of any wrongdoing or liability of the Releasees (as defined below), or any of them, or (b) any fault or omission of the Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.

4. Each Current Independent Operator Plaintiff's Distribution Agreement(s) with the Company is/are hereby amended such that the Distribution Agreement Amendment attached as Exhibit D to the Stipulation of Settlement is made an express part of each Current Independent Operator Plaintiff's Distribution Agreement(s) with the Company.

5. "Plaintiff Releasors," which are defined as (i) for all named and opt-in Plaintiffs who are individuals, Plaintiffs, as well as their spouses and families, attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns, beneficiaries, and all business entities Plaintiffs partially or wholly own, and (ii) for all named and opt-in Plaintiffs that are entities, Plaintiffs, as well as their parents, subsidiaries and affiliates and all of their owners, officers, directors, and members and each of their spouses and families, attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns, and beneficiaries, hereby are deemed to have released Bimbo Bakeries USA, Inc., Bimbo Foods, Inc. (formerly Bimbo Foods Bakeries, Inc.), Bimbo Foods Bakeries Distribution, LLC (formerly Bimbo Foods Bakeries Distribution, Inc.), Bimbo Bakeries Distribution Company, LLC (formerly Bimbo Bakeries Distribution Company, Ltd.), and Arnold Sales Company, LLC (formerly Arnold Sales Company, Inc.) (collectively "the Company"), and all of their past, present and future parents, subsidiaries, affiliates, successors and predecessors, and each of their past, present and future directors, officers, employees, insurers, lawyers, and agents (collectively along with the Company defined to mean the "Releasees"), in their personal, individual, official

and/or corporate capacities, from all "Released Claims," which are defined as any and all claims, demands, causes of action, fees and liabilities of any kind whatsoever, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasors (as individuals or as entities) ever had, now have, or may have against any of the Releasees by reason of any act, omission, transaction, practice, plan, policy, procedure, conduct, occurrence, or other matter, up to and including the date of this Order, that could have been asserted in the Civil Action based on the factual allegations therein, that otherwise arise out of, related to, or in connection with, their Distribution Agreements, or that arise under the Fair Labor Standards Act ("FLSA") or any other state and local wage/hour and wage payment statute/ordinance, for any type of relief, including without limitation, minimum, overtime or other wages, retaliation damages, unpaid costs, penalties (including, but not limited to, late payment penalties, wage statement or other record keeping penalties, and meal or rest break penalties), wage deductions, spread of hours pay, premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief, also including, but not limited to, those claims listed on Exhibit E to the Settlement Agreement.

6.  "Named Plaintiff Releasors", which are defined as (i) for all Named Plaintiffs who are individuals, the Named Plaintiff and his/her spouses and families, attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns, beneficiaries, and all business entities they partially or wholly own, and (ii) for all Named Plaintiffs that are entities, the Named Plaintiff and its parents, subsidiaries and affiliates and all of their owners, officers, directors, and members, hereby are deemed to have released the Company and Releasees, in their personal, individual, official and/or corporate

capacities, from any and all claims, demands, causes of action, fees and liabilities of any kind whatsoever, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Named Plaintiff Releasors, as individuals or as entities, ever had, now have, or may have against any of the Releasees, by reason of any act, omission, transaction, practice, plan, policy, procedure, conduct, occurrence, or other matter, up to and including the date of this Order, including but not limited to all of the Released Claims and all other claims under the FLSA, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., the Civil Rights Act of 1871, 42 U.S.C. §1981, the Civil Rights Act of 1991, 2 U.S.C. §60 et seq., Section 503 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701 et seq., the Americans with Disabilities Act, 29 U.S.C. §12101 et seq., the Family and Medical Leave Act, 29 U.S.C. §2601 et seq., the Equal Pay Act, 29 U.S.C. §206(d), the Employee Retirement Income Security Act, 29 U.S.C. §1001 et seq., the Pennsylvania Minimum Wage Act, 35 Pa. Stat. § 333.101 et seq., the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. Ann. §§ 260.1 et seq., the Pennsylvania Human Relations Act, 43 PA. C.S.A. §951 et seq., the New Jersey Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a et. seq., New Jersey Law Against Discrimination, N.J. Stat. Ann §§ 10:5-1 et seq., and the New Jersey Civil Rights Law, N.J. Stat. Ann. §§ 10:1-1 through 10:6-2, all as amended, all other legally waivable claims under any federal, state or local statute, regulation, or ordinance, all claims based upon any express or implied contracts, all common law claims now or hereafter recognized, and all claims for counsel fees and costs.

7.     The Plan of Allocation set forth in the Stipulation of Settlement, particularly the $12,500.00 Service Payments, $900.00 Current Independent Operator Payments, and

$450.00 Former Independent Operator Payments as set forth in Exhibit A to the Stipulation of Settlement are **APPROVED**.

8. The sum of $375,000.00 in attorneys' fees and costs is **APPROVED**.

9. Simpluris is **APPROVED** as the Third-Party Administrator.

10. The Third-Party Administrator shall establish and administer the Qualified Settlement Fund ("QSF") in accordance with the terms of the Stipulation of Settlement and the Exhibits A-F attached thereto.

11. This Court retains jurisdiction to implement, effectuate, enforce, construe, interpret, and administer the terms of the Stipulation of Settlement and the Exhibits A-F attached thereto, including the Distribution Agreement Amendment and the releases of Released Claims and Named Plaintiff Released Claims.

12. Pursuant to Fed. R. Civ. P. 41(a)(2), this matter is **DISMISSED WITH PREJUDICE**; and

13. The Clerk of Court shall **CLOSE** this case statistically.

                                            **BY THE COURT:**

                                            _____
                                            Mitchell S. Goldberg, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINN F. SCOTT, RONALD SOCHACKI, WILLIAM J. DAVENPORT III, ROBERT DANDO, SR., KEVIN KAZORNOWICZ, On behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, Inc. and BIMBO FOODS BAKERIES, INC.,<br><br>Defendants. | Civil Action No. 10-3154 |

**STIPULATED JUDGMENT**

**AND NOW**, this ___ day of _____ , 2014, in accordance with the accompanying Approval Order granting on the merits Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement (including the Parties' Stipulation of Settlement and its Exhibits A-F), **JUDGMENT IS ENTERED** on the terms of the Approval Order.

**BY THE COURT:**

_____
Mitchell S. Goldberg, J.